1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC BRIAN LE'BLUE, <br><br> Petitioner, <br><br> v. <br><br> E. VALENZUELA, Warden, <br><br> Respondent. | Case No. CV 15-05969-CAS (AFM) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Petitioner is a California prisoner currently incarcerated at a state prison facility in San Luis Obispo, California. On August 11, 2015, he filed a Petition for Writ of Habeas Corpus in this Court.

The current Petition is directed to the same 2007 Los Angeles County Superior Court judgment of conviction as a prior habeas petition filed by petitioner in this Court on October 5, 2009, in Case No. CV 09-7548-CAS (AN) [the "Prior Action"]. On April 23, 2010, Judgment was entered in the Prior Action denying the habeas petition on the merits. Petitioner timely appealed, but his requests for a Certificate of Appealability were denied in turn by this Court and the Ninth Circuit.

In addition to filing the Prior Action, petitioner also filed another prior habeas petition in this Court, directed to the same 2007 judgment of conviction, on

May 30, 2013, in Case No. CV 13-3868-CAS (AN). On June 6, 2013, that Petition was summarily dismissed as successive.

The Petition now pending, petitioner's third, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)  (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The current Petition raises two claims. One of the claims (Ground Two) is a Sixth Amendment sentencing error claim that is identical to a claim petitioner

1 alleged in the Prior Action; dismissal of that claim therefore is required under
2 section 2244(b)(1). The other claim (Ground One) is a new sentencing error claim.
3 However, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order
4 from the Ninth Circuit authorizing the Court to consider the Petition, prior to his
5 filing of the Petition in this Court. Petitioner has not done so, which deprives the
6 Court of subject matter jurisdiction to consider that claim. *See Cooper v. Calderon*,
7 274 F.3d 1270, 1274 (9th Cir. 2001).

8 IT THEREFORE IS ORDERED that this action be summarily dismissed
9 without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
10 the United States District Courts.

11 LET JUDGMENT BE ENTERED ACCORDINGLY.

13 DATED: August 20, 2015

*/s/ Christina A. Snyder*
_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE